

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 28 PM 2:09

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | § | **CIVIL ACTION NO. 00CV0310** |
| **VERSUS** | § | **SECTION: B** |
| **MOBIL OIL CORPORATION** | § | **MAGISTRATE: 5** |
| **FILED:**_____ | § | _____ |
| | | **DEPUTY CLERK** |

## OPPOSED MOTION TO STAY PROCEEDINGS

**NOW INTO COURT,** through undersigned counsel, enters Plaintiff, Terrebonne Parish

School Board ("TPSB"), which hereby respectfully moves this Honorable Court to stay the captioned

matter for the reasons outlined herein:

1.

On October 19, 1999, Plaintiff, TPSB filed suit against Defendant, Mobil Oil Corporation,

for damages caused to TPSB's marsh property located in Section 16, T18S, R12E.

2.

Trial in the captioned matter is scheduled for the week of November 5, 2001. Discovery is

scheduled to be completed on September 11, 2001. TPSB's expert reports are due on July 13, 2001.

Fee_____
Process_____
X  Dktd_____
✓  CtRmDep_____
Doc.No. 56

3.

TPSB is also the plaintiff in the matter entitled *"Terrebonne Parish School Board v. Columbia Gulf Transmission Company and Koch Gateway Pipeline Company"* Appeals Docket No.:01-30131," ("Columbia case").

4.

Trial was scheduled in the Columbia case for January 16, 2001. On December 21, 2000, Columbia Gulf Transmission Company ("Columbia") filed a Motion for Summary Judgment. On December 27, 2000, Koch Gateway Pipeline Company ("Koch") filed a Motion for Summary Judgment. One of the grounds raised in the Koch motion was prescription.

5.

On January 9, 2001, Judge Lemelle of this Honorable Court granted Summary Judgment in favor of Koch and Columbia in the Columbia case based on prescription.

6.

On January 18, 2001, TPSB filed a Notice of Appeal in the Columbia case with this Honorable Court. On January 28, 2001, the U.S. Fifth Circuit placed the Columbia Case on its appeals docket.

7.

The U.S. Fifth Circuit Court of Appeals requires parties on appeal to identify cases pending in a district court of the U.S. Fifth Circuit which will likely be appealed to the U.S. Fifth Circuit. TPSB identified the captioned matter and five other cases pending in this Court as meeting this criteria for the reason that all the pending cases remaining in this Honorable Court will decide the

issue of prescription under servitude, tort, and/or mineral law. See Form for Appearance of Counsel with listing of cases attached as Exhibit "A", a copy of which is attached as Exhibit "1" and incorporated herein.

8.

TPSB believes that the final decision of this Honorable Court in the Columbia case is inconsistent with the case of *St. Martin v. Mobil*, 224 F.3d 402 (C.A.5 (La.) 2000) which held prescription was not a defense to Plaintiffs' damage claims for marsh damage due to the fact that the defendants were still operating under the rights granted them by a servitude. *St. Martin v. Mobil* involved strikingly similar facts to the captioned matter. Thus, the Columbia case must be reconciled with *St. Martin v. Mobil* thereby making the final decision in the Columbia case relevant to the issue of prescription in the captioned matter.

9.

In fact, the "Third Defense" of Defendant, Mobil Oil's answer, Mobil Oil raised prescription as a defense on the merits. See Exhibit "2" attached hereto and incorporated herein. Also, Defendant, Mobil Oil, served discovery on TPSB seeking information relating to marsh management or erosion studies performed by TPSB or any outside contractors in the past on all TPSB lands. See Interrogatory 12 attached as Exhibit "3". Consequently, TPSB anticipates that Defendant may also attempt to use general marsh management or erosion studies on other TPSB lands not specific to the marsh property made the subject of the captioned matter as evidence that TPSB's claims have prescribed. Additionally, Defendant will undoubtedly rely on the unpublished decision of this Honorable Court in the Columbia case as precedential authority for the defense of prescription.

Page -3-

10.

Accordingly, TPSB moves to stay the captioned matter until such time as a final decision is rendered in the Columbia case addressing the issue of prescription and reconciling the effect of *St. Martin v. Mobil* on the pending claims in the Columbia case.

11.

TPSB certifies that Defendant has been contacted and has expressed opposition to this Court staying the captioned matter until a final decision is rendered in the Columbia case.

**WHEREFORE**, Terrebonne Parish School Board moves this Court to stay the captioned matter until a final decision is rendered by the U.S. Fifth Circuit Court of Appeals in the matter of "*Terrebonne Parish School Board v. Columbia Gulf Transmission Company and Koch Gateway Pipeline Company*" Appeals Docket No.:01-30131.

Respectfully submitted;

**MICHAEL X. ST. MARTIN  #12365**
**JOSEPH G. JEVIC III       #23145**
ST. MARTIN & WILLIAMS, APLC
Post Office Box 2017
Houma, LA 70361
(504) 876-3891      Telephone
(504) 851-2219      Facsimile

**A. J. GRAY, III          #6253**
**WADE T. VISCONTE      #24734**
THE GRAY LAW FIRM
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694      Telephone
(337) 494-0697      Facsimile
**Attorneys for Terrebonne Parish School Board**

Page -4-

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the preceding Motion has been served on all counsel of record by placing same in the United States mail delivery, postage prepaid and properly addressed, on this _27th_ day of _March_____, **2001**.

JOSEPH G. JEVIC III

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | § | **CIVIL ACTION NO. 00CV0310** |
| **VERSUS** | § | **SECTION: B** |
| **MOBIL OIL CORPORATION** | § | **MAGISTRATE: 5** |
| **FILED:**_____ | § | _____ |
| | | **DEPUTY CLERK** |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### MOTION TO STAY PROCEEDINGS

**MAY IT PLEASE THE COURT:**

    **NOW INTO COURT,** through undersigned counsel, enters Plaintiff, Terrebonne Parish School Board ("TPSB"), which hereby respectfully files this memorandum in support of TPSB's motion to stay proceedings.

    On October 19, 1999, Plaintiff, TPSB filed suit against Defendant, Mobil Oil Corporation, for damages caused to TPSB's marsh property located in Section 16, T18S, R12E. Trial in the captioned matter is scheduled for the week of November 5, 2001. Discovery is scheduled to be completed on September 11, 2001. TPSB's expert reports are due on July 13, 2001.

TPSB is also the plaintiff in the matter entitled "*Terrebonne Parish School Board v. Columbia Gulf Transmission Company and Koch Gateway Pipeline Company*" Appeals Docket No.:01-30131," ("Columbia case"). Trial was scheduled in the Columbia case for January 16, 2001. On December 21, 2000, Columbia Gulf Transmission Company ("Columbia") filed a Motion for Summary Judgment. On December 27, 2000, Koch Gateway Pipeline Company ("Koch") filed a Motion for Summary Judgment. One of the grounds raised in the Koch motion was prescription.

On January 9, 2001, Judge Lemelle of this Honorable Court granted Summary Judgment in favor of Koch and Columbia in the Columbia case based on prescription. On January 18, 2001, TPSB filed a Notice of Appeal in the Columbia case with this Honorable Court. On January 28, 2001, the U.S. Fifth Circuit placed the Columbia Case on its appeals docket.

The U.S. Fifth Circuit Court of Appeals requires parties on appeal to identify cases pending in a district court of the U.S. Fifth Circuit which will likely be appealed to the U.S. Fifth Circuit. TPSB identified the captioned matter and five other cases pending in this Court as meeting this criteria for the reason that all the pending cases remaining in this Honorable Court will decide the issue of prescription under servitude, tort, and/or mineral law. See Form for Appearance of Counsel with listing of cases attached as Exhibit "A", a copy of which is attached as Exhibit "1" to TPSB's motion to stay proceedings.

TPSB believes that the final decision of this Honorable Court in the Columbia case is inconsistent with the case of *St. Martin v. Mobil*, 224 F.3d 402 (C.A.5 (La.) 2000) which held prescription was not a defense to Plaintiffs' damage claims for marsh damage due to the fact that the defendants were still operating under the rights granted them by a servitude. *St. Martin v. Mobil* involved strikingly similar facts to the captioned matter. Thus, the Columbia case must be reconciled with *St. Martin v. Mobil* thereby making the final decision in the Columbia case relevant

to the issue of prescription in the captioned matter.

In fact, the "Third Defense" of Defendant, Mobil Oil's answer, Mobil Oil raised prescription as a defense on the merits. See Exhibit "2" attached to TPSB's motion to stay proceedings. Also, Defendant, Mobil Oil, served discovery on TPSB seeking information relating to marsh management or erosion studies performed by TPSB or any outside contractors in the past on all TPSB lands. See Interrogatory 12 attached as Exhibit "3" to TPSB's motion to stay proceedings. Consequently, TPSB anticipates that Defendant may also attempt to use general marsh management or erosion studies on other TPSB lands not specific to the marsh property made the subject of the captioned matter as evidence that TPSB's claims have prescribed. Additionally, Defendant will undoubtedly rely on the unpublished decision of this Honorable Court in the Columbia case as precedential authority for the defense of prescription.

TPSB certifies that Defendant has been contacted and has expressed opposition to this Court staying the captioned matter until a final decision is rendered in the Columbia case. Accordingly, TPSB submits that it is proper and prudent to stay the captioned matter until such time as a final decision is rendered in the Columbia case addressing the issue of prescription and reconciling the effect of *St. Martin v. Mobil* on the pending claims in the Columbia case.

Respectfully submitted;

MICHAEL X. ST. MARTIN #12365
JOSEPH G. JEVIC III         #23145
ST. MARTIN & WILLIAMS, APLC
Post Office Box 2017
Houma, LA 70361
(504) 876-3891         Telephone
(504) 851-2219         Facsimile

**A. J. GRAY, III**       **#6253**
**WADE T. VISCONTE**    **#24734**
THE GRAY LAW FIRM
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694       Telephone
(337) 494-0697       Facsimile

**Attorneys for Terrebonne Parish School Board**

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the preceding Motion has been served on all counsel of record by placing same in the United States mail delivery, postage prepaid and properly addressed, on this

_____ day of _____, **2001**.

WADE T. VISCONTE
Joseph G Jevic III

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | § | **CIVIL ACTION NO. 00CV0301** |
| **VERSUS** | § | **SECTION: B** |
| **MOBIL OIL CORPORATION** | § | **MAGISTRATE: 5** |
| **FILED:**_____ | § | _____ |
| | | **DEPUTY CLERK** |

## ORDER

Considering the foregoing Motion to Stay Proceedings filed by Plaintiff, Terrebonne Parish School Board:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Terrebonne Parish School Board's Motion to Stay Proceedings is hereby **GRANTED** until such time as a final decision is rendered by the U.S. Fifth Circuit Court of Appeals in the matter of "*Terrebonne Parish School Board v. Columbia Gulf Transmission Company and Koch Gateway Pipeline Company*" Appeals Docket No.:01-30131.

THUS RENDERED AND SIGNED this _____ day of _____, 2001, at New Orleans, Louisiana.


U.S. DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | § | **CIVIL ACTION NO. 00CV0310** |
| **VERSUS** | § | **SECTION: B** |
| **MOBIL OIL CORPORATION** | § | **MAGISTRATE: 5** |
| **FILED:**_____ | § | _____ |
| | | **DEPUTY CLERK** |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the plaintiff will bring its Motion to Stay Proceedings for

hearing before the Honorable **Ivan L. R. Lemelle**, United States District Judge for the Eastern

District of Louisiana, 500 Camp Street, New Orleans, Louisiana on the 18th day of April, 2001, at

9:00 o'clock a.m., or as soon thereafter as counsel may be heard.

**Respectfully submitted;**

_____

| | | | |
|---|---|---|---|
| **MICHAEL X. ST. MARTIN  #12365** | | **A. J. GRAY, III** | **#6253** |
| **JOSEPH G. JEVIC III         #23145** | | **WADE T. VISCONTE** | **#24734** |
| ST. MARTIN & WILLIAMS, APLC | | THE GRAY LAW FIRM | |
| Post Office Box 2017 | | Post Office Box 1467 | |
| Houma, LA 70361 | | Lake Charles, LA 70602-1467 | |
| (985) 876-3891      Telephone | | (337) 494-0694      Telephone | |
| (985) 851-2219      Facsimile | | (337) 494-0697      Facsimile | |

**Attorneys for Terrebonne Parish School Board**

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the preceding Motion has been served on all counsel of record by placing same in the United States mail delivery, postage prepaid and properly addressed, on this 27th day of March , 2001.

JOSEPH G JEVIC III

**FORM FOR APPEARANCE OF COUNSEL**

*Only attorneys admitted to the Bar of this Court since October 1, 1981 may sign this form and practice before the Court. An application for admission is incorporated. Two persons from the same organization or firm may sign this form.*

No. 01-30131

TERREBONNE PARISH SCHOOL BOARD _____    COLUMBIA GULF TRANSMISSION COMPANY
(Plaintiff)                                   *vs.*    and KOCH GATEWAY PIPELINE COMPANY
                                                        (Defendant)

The Clerk will enter my/our appearance as Counsel for ____ TERREBONNE PARISH SCHOOL BOARD _____

(Please list names of all parties represented)

**who IN THIS COURT is**
- ☐ Petitioner(s)    ☐ Respondent(s)    ☐ Amicus Curiae
- ☒ Appellant(s)    ☐ Appellee(s)    ☐ Intervenor

I certify that I am a member of the Bar of the Fifth Circuit Court of Appeals, or application for admission is being made below.

_____          _____
(Signature)                             (Signature)

ANDREW JACKSON GRAY, III                WADE THOMAS VISCONTE
(Type or Print Name)                    (Type or Print Name)

_____          _____
(Title, If Any)                         (Title, If Any)

THE GRAY LAW FIRM (APLC)                THE GRAY LAW FIRM (APLC)
(Firm or Organization)                  (Firm or Organization)

Social Security No. 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         Social Security No. 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

Date of Birth 03/04/43     Sex: ☒M ☐F    Date of Birth 01/18/69     Sex: ☒M ☐F

Resident State/Bar No. LOUISIANA/6253    Resident State/Bar No. LOUISIANA/24734

Street Address ONE LAKESHORE DRIVE _____    Suite ____ 900 ____

City & State LAKE CHARLES, LA ____ Zip 70629 ____ Phone (337) 494-0694 Fax (337) 494-0697

**NOTE:** When more than one attorney represents a single party or group of parties, counsel should designate a lead counsel to whom notification is to be sent, with the understanding that if other counsel should be informed *he or she will perform that function.* If lead counsel has not signed above, lead counsel *must* complete his or her own form for appearance of counsel. The person to be notified in this case is:

Name of Lead Counsel (Type or Print) A.J. GRAY, III _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**
**APPLICATION AND OATH FOR ADMISSION**
600 Camp Street, New Orleans, LA 70130

Name_____
                (Last)                    (First)                    (Middle)

Firm or Agency_____

Street Address_____    Suite _____

City & State_____ Zip _____ Social Security No._____

Phone (    ) _____ Resident State/Bar No. _____ Date of Birth _____ Sex: ☐M ☐F

**ADMISSION FEE:** Admission fees may be paid by personal check, certified check or postal money order. Please make payable to the Librarian, United States Court of Appeals. Basis for amount of fee may be found in 5TH CIR. R. 46, which states:

"Only attorneys admitted to the Bar in this Court may practice before the Court. Admission to the Bar of this Court is governed by Fed. R. App. P. 46. Each attorney shall pay to the Clerk an admission fee of $50, which shall be transferred to the Library Fund. An attorney who is appointed by the Court to represent an appellant in forma pauperis and an attorney who appears on behalf of the United States must have all other qualifications for admission, but shall be admitted to practice in this Court without payment of an admission fee."

FEE DATA: (Check One)    ☐ Cash    ☐ Check    ☐ Court Apptd.    ☐ U.S. Counsel

CASE NUMBER (If Any):_____

(Attach Admission Check Here)                                    CONT

**EXHIBIT**

1

A. Name of any Circuit Judge of the Fifth Circuit who participated in this case in the district or bankruptcy court.

NONE

B. Inquiry of Counsel

To your knowledge and that of your co-counsel from whom you are to make inquiry:

(1) Is there any case now pending in this court, which involves the same, substantially the same, similar or related issue(s)?

Yes ☐          No ☒☒

(2) Is there any such case now pending in a District Court (i) within this Circuit, or (ii) in a Federal Administrative Agency which would likely be appealed to the Fifth Circuit?

Yes ☒☒          No ☐

(3) Is there any case such as (1) or (2) in which judgement or order has been entered and the case is on its way to this Court by appeal, petition to enforce, review, deny?

Yes ☐          No ☒☒

(4) Does this case qualify for calendaring priority under 5TH CIR. R. 47.7?  If so, cite type of case _____

_____

If answer to (1), or (2), or (3), is yes, please give detailed information.

Number and Style of Related Case_____PLEASE SEE ATTACHED SHEET_____

_____

Name of Court or Agency_____UNITED STATES EASTERN DISTRICT COURT OF LOUISIANA_____

Status if Appeal (if any) _____N/A_____

_____

Other Status (if not appealed) _____PLEASE SEE ATTACHED SHEET_____

_____

**NOTE: Attach sheet to give further details.**

APPLICATION: I,_____ , make application for admission to the Bar of the United States Court of Appeals for the Fifth Circuit.  My personal Statement showing my eligibility for membership is as follows (please refer to Fed. R. App. P. 46 for qualifications for admission):  I am admitted to practice in the following court or courts:

_____

_____

OATH: I,_____ , do solemnly swear that I will demean myself as an attorney and counselor of this Court, uprightly and accordingly to law; and that I will support the Constitution of the United States.

_____
*Signature of Applicant*

Subscribed and sworn to before me a Notary Public in and for the _____

of_____ , State of _____ this _____ day of _____ 19 _____ .

_____
*Signature of Notary*

MOTION: I,_____ a member of the Bar of this Court, move for admission of the above attorney.

_____
*Signature*

Admitted this_____day of_____19_____ .

CHARLES R. FULBRUGE III, CLERK
United States Court of Appeals

By_____
*Deputy Clerk*

## ATTACHMENT

**THE GRAY LAW FIRM (APLC) — FORM FOR APPEARANCE OF COUNSEL
ADDITIONAL INFORMATION FOR SECTION B (INQUIRY OF COUNSEL)
No. 01-30131**

| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF LOUISIANA<br>NEW ORLEANS DIVISION | | |
|---|---|---|
| **CASE NO.** | **STYLE** | **OTHER STATUS** |
| 98CV2095 | Michael X. St. Martin, et al<br>v. Quintana Petroleum Corp., et al | Motion for Summary Judgment heard 01/31/01 and taken under advisement. Trial set for 03/26/01 |
| 00CV462 | Terrebonne Parish School Board<br>v. Kilroy Company of Texas | Trial set for 07/09/01 |
| 00CV468 | Terrebonne Parish School Board<br> v. Atlantic Ritchfield Co. | Trial set for 08/13/01 |
| 00CV427 | Terrebonne Parish School Board<br>v. Transcontinental Gas Pipeline Corp. | Trial set for 09/24/01 |
| 00CV443 | Terrebonne Parish School Board<br>v. Quintana Petroleum Corp., et al | Trial set for 10/15/01 |
| 00CV310 | Terrebonne Parish School Board<br>v. Mobil Oil Corporation | Trial set for 11/05/01 |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH**<br>**SCHOOL BOARD** | § § § | |
| **Plaintiff** | § § | **Civil Action No. 00-0310** |
| **v.** | § § | **Section "E"** |
| | § § | **Magistrate No. 5** |
| **MOBIL OIL CORPORATION** | § § | |
| **Defendant** | § | |

## ANSWER OF DEFENDANT MOBIL OIL CORPORATION

NOW INTO COURT, through undersigned counsel, comes Mobil Oil Corporation ("Mobil"), who answers the Petition for Damages filed by plaintiff Terrebonne Parish School Board ("Plaintiff") as follows:

### FIRST DEFENSE

The Petition for Damages fails to state a claim against Mobil upon which relief can be granted.

EXHIBIT
2

## SECOND DEFENSE

Mobil responds to the specific allegations of Plaintiff's Petition for Damages as follows:

1.

The allegations of Paragraph 1 are denied except to admit that Mobil is a Delaware corporation authorized to do business in the State of Louisiana.    Mobil specifically denies that its principal place of business is in Louisiana.

2.

The allegations of Paragraphs 2, 3, 8, 9, 10, 11, 12, 13, 14, 18, and 21 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 4 are denied for lack of sufficient information to form a belief as to the truth thereof except to admit that Socony Mobil Oil Company, Inc. obtained a permit to dredge a canal on the property at issue.

4

The allegations of Paragraph 5 are denied except to admit that Socony Mobil Oil Company, Inc. and Magnolia Petroleum were affiliates of Mobil and that the Terrebonne Parish School Board #1 well, serial # 076915 was drilled on the property at issue.

5.

The allegations of Paragraphs 6, 15, 17,19, 20, 23, 32, 33, 34, and 35 are denied to the extent that they contain legal conclusions and are otherwise denied for lack of sufficient information to justify a belief therein.

C:\Docs\Terrebonne-Mobil\answer-USDC.wpd       -2-

6.

The allegations of Paragraphs 7, 16, 22, 24, 25, 27, 28, 29, 30, 31 and the Petition's prayer are denied.

7.

The allegations of paragraph 26 are denied to the extent that they contain legal conclusions but Mobil admits that canal which it dredged, placed, constructed, or erected was and is lawful.

**THIRD DEFENSE**

Plaintiff's claims are barred by prescription.

**FOURTH DEFENSE**

Plaintiff's claims are barred to the extent that any portion of the property made the subject of this litigation was released or is otherwise not subject to an oil, gas and/or mineral lease or other contract between Plaintiff and Mobil or its predecessors.

**FIFTH DEFENSE**

Any damages sought by Plaintiff should be eliminated or reduced by its failure to mitigate damages.

**SIXTH DEFENSE**

The alleged property damage described in the Petition, if any, was caused in whole or in part by the actions or inaction of the plaintiff, persons for whom Plaintiff is responsible, and/or other persons for whom Mobil is not liable.

**SEVENTH DEFENSE**

By encouraging, contractually approving, and otherwise failing to object to the activities which allegedly caused damage to the property at issue, Plaintiff ratified such activities, assumed

C:\Docs\Terrebonne-Mobil\answer-USDC.wpd                    - 3 -

the risk of any such damage, and should be barred from asserting its claims, in whole or in part, by estoppel, laches, comparative fault and/or contributory negligence.

### EIGHTH DEFENSE

If applicable to Mobil, plaintiff's claims are barred by the terms of an oil, gas and mining lease dated December 17, 1957 granted by Plaintiff on the property at issue.

### TENTH DEFENSE

To the extent that alleged damage to the property occurred due to changes after Mobil or its predecessors ceased operations thereon, those damages are due, in whole or in part, to acts of God or persons for whom Mobil is not responsible.

### ELEVENTH DEFENSE

Damages, if any, awarded to the Plaintiff should be limited to the value of the property at issue and should not be based upon alleged property restoration damages.

### TWELFTH DEFENSE

Plaintiff should not be entitled to seek damages based upon any alleged plan of restoration because primary jurisdiction over canal filling is vested in the Department of the Army Corps of Engineers, the Louisiana Department of Natural Resources and other agencies which control and regulate activities in coastal areas, including oil and gas, dredge and fill, and other activities that would necessarily be required to "restore" the property. In addition, this Court should abstain from deciding issues which are within the special expertise of such agencies.

Mobil requests trial by jury for all issues triable by jury.

WHEREFORE, defendant Mobil Oil Corporation prays that judgment be rendered in its favor and against the plaintiff Terrebonne Parish School Board dismissing Plaintiff's Petition for

Damages with prejudice and at its sole cost and for such other and further relief to which Mobil may be entitled.

Respectfully submitted,

**FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, L.C.**

**ROBERT B. McNEAL (Bar No. 14211)**
3600 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3600
Telephone: (504) 599-8014
Facsimile: (504) 599-8114

**Counsel for Defendant Mobil Oil Corporation**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel of record for all parties by hand delivery, by delivery service, delivery charges prepaid and properly addressed, or by U.S. mail, postage prepaid and properly addressed, this 17 day of February, 2000.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**TERREBONNE PARISH SCHOOL BOARD**

**CIVIL ACTION NO. 00-310**

**SECTION "B"**

**VERSUS**

**MAGISTRATE 5**

**MOBIL OIL CORPORATION**

### MOBIL OIL CORPORATION'S
### FIRST SET OF INTERROGATORIES AND
### REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Mobil Oil Corporation ("Mobil") propounds these Interrogatories and Requests for Production of Documents to plaintiff Terrebonne Parish School Board to be answered in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure. The documents shall be produced at 9:00 a.m. on October 5, 2000 at the offices of Mobil's counsel (or at such other time and place as may be mutually agreed upon by the parties).

### DEFINITIONS

1.      "You" or "your" means Terrebonne Parish School Board and any other person acting on its behalf, including but not limited to, consultants, attorneys, or other agents having possession, custody, or control of documents called for herein or information with respect hereto.

2.      "Person" means any natural person, corporation, partnership, sole proprietorship, association, institute, state government subdivision, joint venture, trust, firm or other entity.

**EXHIBIT**

**3**

3.    "Document" means any written, recorded or graphic matter, however produced or reproduced. A "document" is any writing or recording of any nature or description, including handwriting, typewriting, printing, photographing, photostating, tape, wire, video, belt or disc recording, and every other means of recording upon any tangible thing in any form, including, without limitation, books, calendars, pocket calendars, pocket planners, diaries, correspondence, memoranda, reports, minutes, notes, records, contracts, proposals, airline tickets, checks, bills, receipts, telegrams, papers of any character, tape, wire, belt or video recordings including every copy and also drafts and proposed drafts of each.

4.    "Property" means the Section 16 property held by Terrebonne Parish School Board which is at issue in this litigation.

5.    "Well" refers to any and all wells drilled by any person on the Property.

6.    "Canal" means any and all access, pipeline or other canals of any sort dug or dredged for any purpose on the property by any person.

<u>INSTRUCTIONS</u>

1.    If you assert a claim or privilege with respect to the subject matter of any of these interrogatories or any document requested, state:

(a)    the basis of the privileged claim;

(b)    whether the alleged privileged communication was verbal or in writing; and

(i)    if in writing, describe with particularity sufficient to support a subpoena duces tecum each document containing such communications; and

       (ii)    if verbal, describe such communication as to parties, date, place, and occasion including the name, street address, and telephone number of all persons to, from or by which such communication was set or made; and

(c)    any other facts relied upon to establish that the privilege has been properly asserted.

2.    These interrogatories and the accompanying Requests For Production of Documents are to be deemed continuing to the extent provided by the Federal Rules of Civil Procedure or other applicable law.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person with whom you consulted, upon whom you relied or who otherwise constituted a source of information for you, in connection with the preparation of your answers to these interrogatories, listing the number(s) of the interrogatories to which he or she helped to prepare answers or otherwise provided information.

### INTERROGATORY NO. 2:

Identify each fact witness that you may call to testify at trial with respect to this case.

### INTERROGATORY NO. 3:

Identify each expert witness with whom you have consulted and whether said expert may or may not testify at trial.

-3-

<u>INTERROGATORY NO. 4:</u>

Identify your employees or representatives who reviewed any request for use of the Property at any time since you have owned the Property, including any activities conducted by Mobil on the Property.

<u>INTERROGATORY NO. 5:</u>

Identify each person who has knowledge regarding any activities which Mobil allegedly conducted on the Property and any damage allegedly caused by Mobil's activities to the Property.

<u>INTERROGATORY NO. 6:</u>

Identify any exhibits that you may introduce at trial of this matter.

<u>INTERROGATORY NO. 7:</u>

Set forth the date(s) and purpose(s) of any inspections of the Property, both before and after any construction or improvements. For each inspection, identify all persons conducting, participating in or accompanying the inspection, and the custodian(s) of any records regarding any such inspection(s).

<u>INTERROGATORY NO. 8:</u>

Identify all persons who have used or been given rights to use the Property by you at any time, including, but not limited to, leases of any type, rights of way, servitudes and mineral rights.

<u>INTERROGATORY NO. 9:</u>

For each person identified in the Interrogatory No. 8, state how much revenue was received by you for his use of the Property.

-4-

INTERROGATORY NO. 10:

Describe any construction or improvements, either temporary or permanent, made on the Property stating who made each construction or improvement, when the construction or improvement occurred, and its purpose.

INTERROGATORY NO. 11:

Identify any government-issued permits issued for activities on the Property, including dredging, canal construction and oil and gas activities.

INTERROGATORY NO. 12:

Identify any reports, studies, or inspections of any nature have been done regarding the effects of the Canal, any tranusses, and/or the Well to the Property or similar property elsewhere.

INTERROGATORY NO. 13:

State the factual basis for your allegation in Paragraph 7 of your Petition that Mobil knowingly failed to restore the School Board property to its original condition and this continuing failure has damaged the property.

INTERROGATORY NO. 14:

State the factual basis for your contention in Paragraph 12 of your Petition that Mobil allowed numerous breaks or cuts in the spoil banks to develop and enlarge which continue to cause erosion and destruction of the marsh.

INTERROGATORY NO. 15:

State the factual basis for your contention in Paragraph 13 of your Petition that canals constructed by Mobil and other activities of Mobil altered the marsh.

**INTERROGATORY NO. 16:**

State your factual basis for your contention in Paragraph 18 of your Petition that contra non valentem is applicable.

**INTERROGATORY NO. 17:**

State the factual basis for your contention in Paragraph 24 of your Petition that Mobil had an obligation to remove, through restoration, any existing canals dredged, placed, constructed or erected on the Property.

**INTERROGATORY NO. 18:**

State the factual basis for your contention in Paragraph 32 of your Petition that Mobil routinely dumped drilling cuttings onto the Property.

**INTERROGATORY NO. 19:**

State the factual basis for your contention in Paragraph 33 of your Petition that Mobil caused creosote pilings to be placed on the Property.

**INTERROGATORY NO. 20:**

Please identify, list and itemize, each separate item or element of damages you are claiming in this suit and identify the amount claimed to be owed.

**INTERROGATORY NO. 21:**

Identify any person who, on your behalf, has supervised or otherwise had responsibility for use of the Property, including persons responsible for communicating on your behalf with other government agencies and public bodies.



## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Please produce any document that you used to prepare your responses to Mobil's interrogatories.

**REQUEST NO. 2:**

Please produce any and all documents, photographs, maps and drawings relating to the Property, Wells, and/or Canal.

**REQUEST NO. 3:**

Please produce all agreements relating to use of the Property, including surface, mineral, seismic, hunting, trapping and other leases, permits, servitudes and any other rights of use granted by you at any time.

**REQUEST NO. 4:**

Please produce all documents which relate, refer or pertain to canals, erosion, land loss or flooding on the Property.

**REQUEST NO. 5:**

Please produce all documents related to any surface or subsurface activities or operations by any person on the Property at any time.

**REQUEST NO. 6:**

Please produce any and all documents provided by you to any experts retained in this case.



**REQUEST NO. 7:**

Please produce any and all documents which relate, refer or pertain to any damages that you are seeking to recover from Mobil in this proceeding.

**REQUEST NO. 8:**

Please produce any and all documents which relate, refer or pertain to your contention that Mobil allowed numerous breaks or cuts in the spoil bank to develop and enlarge which caused erosion destruction of the marsh as set forth in Paragraph 12 of your Petition.

**REQUEST NO. 9:**

Please produce all documents which relate, refer or pertain to the factual basis for the contention in Paragraph 13 of your Petition that canals constructed by Mobil and other activities of Mobil altered the marsh on the Property.

**REQUEST NO. 10:**

Please produce all documents which relate, refer or pertain to the factual basis for your contention in Paragraph 18 of your Petition that contra non valentem is applicable.

**REQUEST NO. 11:**

Please produce all documents which relate, refer or pertain to the factual basis for the contention in Paragraph 24 of your Petition that Mobil has an obligation to remove, through restoration, any existing canals, dredged, placed, constructed or erected on the Property.

REQUEST NO. 12:

Please produce any documents which relate, refer or pertain to the factual basis for the contention in Paragraph 32 of your Petition that Mobil dumped drilling cuttings onto the Property.

REQUEST NO. 13:

Please produce all documents which relate, refer or pertain to the factual basis of your contention in Paragraph 33 of your Petition that Mobil caused creosote pilings to be placed upon the Property.

REQUEST NO. 14:

Please produce any documents that relate, refer or pertain to any review and/or approval of any surface or subsurface activities on the Property by you or any person acting on your behalf at any time.

REQUEST NO. 15:

Please produce any contracts between you and Mobil relating to the use of the Property.

Respectfully submitted,

FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, L.C.

ROBERT B. McNEAL (Bar No. 14211)
PATRICIA E. WEEKS (Bar No. 18703)
3600 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3600
Telephone: (504) 599-8014
Facsimile: (504) 599-8114

Counsel for Defendant Mobil Oil Corporation

-9-

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel of record for all parties by hand delivery, by delivery service, delivery charges prepaid and properly addressed, or by U.S. mail, postage prepaid and properly addressed, this 1 day of September 2000.

C:\Docs\TPSB\Terrebonne - Terrebone Discovery Requests.wpd

-10-