FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR 10 P 4: 24

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH** § | | |
| **SCHOOL BOARD** § | | |
| § | CIVIL ACTION NO. 00-310 | |
| **Plaintiff** § | | |
| § | | |
| v. § | SECTION "B" | |
| § | | |
| § | | |
| **MOBIL OIL CORPORATION** § | MAGISTRATE 5 | |
| § | | |
| **Defendant** § | | |

## OPPOSITION TO PLAINTIFF'S
## MOTION TO STAY PROCEEDINGS

This memorandum is submitted by defendant Mobil Oil Corporation ("Mobil") in opposition to plaintiff Terrebonne Parish School Board's ("TPSB") motion to stay this proceeding.

The thrust of plaintiff's argument is that this Court's ruling on a prescription defense in the *Columbia Gulf* case is inconsistent with the Fifth Circuit's holding in *St. Martin v. Mobil*, 224 F.3d 402 (5th Cir. 2000). Based on this purported inconsistency, Mobil contends that "the *Columbia* case must be reconciled with *St. Martin v. Mobil*, thereby making the final decision in the *Columbia* case relevant to the issue of prescription" in this case. As a result, TPSB seeks to stay all proceedings in this matter until the United States Fifth Circuit Court of Appeals issues its ruling in the *Columbia*

C:\Docs\TPSB\tpsb-opposition2stay.wpd

*Gulf* appeal.

As set forth below, a stay is not warranted. This Court has already rejected TPSB's arguments. In any event, a review of the applicable law confirms that no grounds exist for a stay in this case.

## ARGUMENT

### I. TPSB'S MOTION IS BASED UPON ARGUMENTS THAT HAVE ALREADY BEEN REJECTED BY THIS COURT

TPSB does not cite a single rule, statute or case supporting its position that this case should be stayed. Instead, the essence of TPSB's argument is that a stay is warranted because this Court's prescription ruling in *Columbia Gulf* is incorrect and failed to follow the prescription analysis in *St. Martin v. Mobil*, 224 F.3d 402 (5th Cir. 2000).

This argument has already been rejected by this Court. In *Columbia Gulf*, the defendant moved for summary judgment dismissing plaintiff TPSB's marshland damage claims based upon prescription. In opposition to that motion, TPSB argued that prescription had not run based upon, among other reasons, the *St. Martin* case. [Order and Reasons attached as Ex. 1 at pp. 6-7.]

In holding that TPSB's claims were prescribed, this Court found that *St. Martin v. Mobil* was not controlling. *St. Martin* involved ongoing maintenance obligations under a canal right-of-way agreement; no such agreement was at issue in *Columbia Gulf*. This Court noted that:

> The *St. Martin* court specifically stated that the terms of the contract itself provided for a continuing right of enforcement of the continuing duty to maintain or repair the canal ... The court's holding, therefore, was based on continuing obligations under the contract.
>
> The instant case is distinguishable from *St. Martin*. The fact that there were continuing obligations specifically listed in the *St. Martin* contract was a material part of that court's decision. There is no

> language regarding the continuing obligations of the defendants in either of the contracts at issue in the present case. Therefore, *St. Martin* is inapplicable. Thus, the plaintiff's claims in both contract and tort have prescribed.

[Ex.1 at pp. 6-7.]

Ultimately, TPSB seeks a stay of this case based upon its disagreement with this Court's ruling rather than a legitimate disparity in prescription law. Also, there is not a written contract between TPSB and Mobil in this case, which further distances this case from the reasoning employed in the *St. Martin* decision. Accordingly, the appeal of *Columbia Gulf* does not warrant a stay of this case.[1]

## II. IN ADDITION, A STAY IS NOT WARRANTED UNDER THE APPLICABLE LAW BECAUSE THIS CASE IS NOT SUFFICIENTLY RELATED TO THE *COLUMBIA GULF* CASE.

This Court "has the inherent power to stay any matter pending before it in the interest of justice and 'economy of time and effort for itself, for counsel and for litigants.'" *Dresser v. Ohio Hempery, Inc.*, No. 98-2425, 2000 WL 235242, *9 (E. D. La. 2000) (Vance, J.) (citing *Laitram Machinery, Inc. v. Carnitech A/S*, 908 F. Supp. 384, 387 (E.D. La. 1995), quoting *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936)). Plaintiff has argued that a stay in this case is justified because a reversal of the prescription ruling in *Columbia Gulf* would affect the

---

[1] Plaintiff maintains that *St. Martin v. Mobil* involved strikingly similar facts to the captioned matter. Motion at paragraph 8. Defendant disputes this statement and believes that the facts of this case are, in fact, much more similar to those in *Columbia Gulf*, inasmuch as defendant in this case did not have any contractual obligation to maintain or repair, as did the defendant in *St. Martin*. Whether this case is similar to *St. Martin*, however, has no bearing on whether a stay is appropriate in this case. Rather, it goes to the merits of the claims and defenses in this matter. In the event that defendant moves for summary judgment in this case, TPSB is free to maintain, as it undoubtedly would, that summary judgment is not warranted based on the Fifth Circuit's ruling in *St. Martin v. Mobil*.

merits of prescription defenses in "related" cases, including this case. See Plaintiff's Motion at paragraph 7 and Ex. 1 (indicating "related cases").[2] This argument is unavailing for several reasons. First, this case was initially consolidated with several other TPSB cases but was subsequently deconsolidated and severed based on Judge Feldman's express finding that the cases are **not**, in fact, related. [See Ex.2, April 28, 2000 Transfer Order].[3] Second, *Columbia Gulf* and this case involve different defendants. Third, TPSB chose to initiate separate lawsuits against Mobil and Columbia Gulf and should not be entitled to stay this case because it now apparently fears a similar ruling in this case. Finally, courts of appeal are constantly reviewing issues that will dispose of other cases pending before the district courts and the pendency of such appeals does not require a hold on the dockets of the district courts. Permitting this case to proceed will not prejudice the parties, nor will it result in a waste of time or resources. Accordingly, plaintiff's Motion to Stay Proceedings should be denied.

Similarly, a stay would not be warranted under the federal rules governing stays pending appeals. Although TPSB's motion does not arise under Federal Rule of Civil Procedure 62, this rule and Federal Rule of Appellate Procedure 8 are instructive because they permit a stay of further action in a case pending its appeal. The requirements for a stay pending appeal are: (a) likelihood of success on the merits, (b) irreparable injury if the stay is not granted, (c) absence of substantial harm to the other parties from granting the stay, and (d) service to the public interest for granting the stay.

---

[2] In paragraph 7 of their Motion, plaintiffs maintain that they consider these cases to be related because the Court will necessarily have to address the issue of prescription under servitude, tort, and/or mineral law.

[3] Plaintiff did not contest Judge Feldman's finding that the cases were unrelated, or this Court's Order deconsolidating and severing the cases plaintiff references.

*Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119 (1987); *Wildmon v. Berwick Universal Pictures, et al,* 983 F.2d 21, 23 (5th Cir. 1992). Under these requirements, a stay is not warranted.

TPSB does not contend that it would suffer irreparable injury absent a stay (factor b), or that a stay would in any way serve the public interest (factor d). Rather, TPSB maintains that the *Columbia Gulf* decision was incorrect and must be reconciled with the *St. Martin* case, "thereby making the final decision in the *Columbia* case relevant to the issue of prescription in the captioned matter." TPSB addresses its potential success on the merits (factor a) via this argument. However, as discussed above, this Court's decision in *Columbia Gulf* carefully distinguishes *St. Martin v. Mobil*, finding that case did not bear on the prescription defense asserted in *Columbia Gulf*. As a result, a review of these factors does not support a stay of this case.

In sum, TPSB's position that *Columbia Gulf* must be "reconciled with *St. Martin*" hardly affords it a likelihood of success. In its Motion for Stay, TPSB does not offer any persuasive reason for the reversal of *Columbia Gulf* and TPSB's potential for success on appeal in *Columbia Gulf* does not warrant a stay of this case.

## CONCLUSION

Plaintiff has attempted to manufacture a non-existent conflict between the *St. Martin* case and the *Columbia Gulf* ruling in an effort to obtain a stay of this proceeding. This effort is unavailing. This Court has already rejected this argument and TPSB has not demonstrated that a stay is appropriate while it awaits a ruling on its appeal in *Columbia Gulf*. Accordingly, TPSB's Motion to Stay Proceedings should be denied.

Respectfully submitted,

**FRILOT, PARTRIDGE, KOHNKE,
& CLEMENTS, L.C.**



ROBERT B. McNEAL (Bar No. 14211)
MILES P. CLEMENTS (Bar No. 4184)
MONICA L. LACKS (Bar No. 23511)
3600 Energy Centre
1100 Poydras Street
New Orleans, La. 70163-3600
Telephone: (504) 599-8014
Facsimile: (504) 599-8114

**Counsel for Defendant, Mobil Oil Corporation**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel of record for all parties by hand delivery, by delivery service, delivery charges prepaid and properly addressed, or by U.S. mail, postage prepaid and properly addressed, this **10** day of **April**, 2001.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 11  PM 1:19

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERREBONNE PARISH                           CIVIL ACTION
SCHOOL BOARD

VERSUS                                      NO. 00-319

COLUMBIA GULF TRANSMISSION                  SECTION "B"(5)
COMPANY AND KOCH GATEWAY
PIPELINE COMPANY

ORDER AND REASONS

Before the Court is the Defendants' Columbia Gulf Transmission Company and Koch Gateway Pipeline Company's Motion for Summary Judgment (Rec. Doc. No. 65, 74) and Columbia's Motion for Judgment on the Pleadings and Alternatively Partial Motion for Summary Judgment (Rec. Doc. No. 75). In addition, Plaintiff Terrebonne Parish School Board's ("School Board") Motion in Limine to Exclude Evidence of Rents and Royalties (Rec. Doc. No. 71), Motion in Limine to Exclude Testimony of Columbia Gulf's Experts Wade R. Ragas and Joseph N. Suhadaya (Rec. Doc. No. 69), Motion in Limine to Exclude Testimony of Koch Gateway Pipeline Company's Experts

DATE OF ENTRY
JAN 1 1 2001



(Rec. Doc. No. 92), Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East (Rec. Doc. No. 67), Columbia's Motion in Limine to Exclude Valuation Testimony of Plaintiff's Expert Dr. Shea Penland (Rec. Doc. No. 76) and Koch's Motion in Limine to Strike or Limit the Testimony of Plaintiff's Purported Experts Robert Chabreck, Alex Mc Corquodale, Charles Camp and Shea Penland (Rec. Doc. No. 88). In addition, the School Board has also filed a Motion in Limine to Exclude the Testimony of Malcolm Poiencot and Columbia has filed a Motion in Limine to Exclude Evidence of Dealings Between the Parties Prior to the Execution of the Right of Way Agreement.

The dispositive issues before the Court concern the defendants' duty under contract and/or tort law to maintain the canal at issue and if so, whether the plaintiff's claims have prescribed. The Court finds that genuine issues of material fact preclude dismissal of the case on the basis of the defendants' duty. The Court also finds, however, that defendants' contractual and delictual obligations, if any, to maintain the canal have prescribed.

Under Louisiana law, delictual actions are subject to the liberative prescription of one year, which commences from the day

2

the injury occurred. Louisiana Civil Code Article 3492. In addition, actions in contract are barred by a liberative prescription of ten years. Louisiana Civil Code article 3499. Under Louisiana law, this prescriptive period commences from the date fo the breach of the obligation. *Loewer v. Texas Gas Transmission Co.*, 615 F.Supp 1 (D.C. La. 1984).

The plaintiffs allege that the defendants breached their duty to maintain the canal and that failure caused erosion of the plaintiff's property. The plaintiff alleges causes of action in both tort and contract law.

The evidence shows that the plaintiff was aware of the erosion of Section 16 in or before 1985. In 1981, school-board member Francis Voisin is quoted in the *Houma Daily Courier* concerning the dredging of canals saying, "it would make an already bad erosion problem worse." Defendant's Motion for Summary Judgment, Exhibit 5, Houma Daily Courier, May 8, 1981. In addition, various school board minutes dated in the 1980's evidence the school board's knowledge of Section 16 land erosion. The plaintiff argues that they cannot be held to have constructive or actual knowledge of any erosion problems caused by the act/omissions of the defendants on §16/T18/R13 because of the difficulties in making a causative link

3

without conducting extensive expert evaluation into the specific causes. As previously stated, the plaintiffs were put on notice of the defendants' alleged breach of contractual or delictual duty (the failure to maintain the canal) since the inception of the contract due to the fact that the parties agree that the defendants never maintained the canal. In addition, the plaintiff's knowledge of the erosion or the damage caused by this alleged breach of duty dates back to the 1980's. The plaintiff's failure to hire an expert or investigate the erosion at the time it became aware of the damage does not prevent prescription from commencing.

The plaintiff's argument that the defendants have a continuing obligation to maintain the canals also fails. If tortious conduct and the resulting damages are of a continuing nature, "prescription does not begin until the conduct causing the damage is abated." *South Central Bell Telephone Co., v. Texaco, Inc.*, 418 SO.2d 531, 533 (La. 1982). According to the School Board, the "damage alleged is . . . due to defendants' continuing conduct in their failure to maintain the canal banks'." Plaintiff's Memorandum in Opposition to Koch's Motion for Summary Judgment.

Louisiana decisions draw a distinction between damages caused by continuous, and those caused by discontinuous, operating causes. When the operating cause of the injury is continuous, giving rise

4

to successive damages, prescription begins to run from the day the damage was completed and the owner acquired, or should have acquired, knowledge of the damage. *See South Central Bell Telephone Co. v. Texaco*, 418 So.2d 531 (La.1982); *Mouton v. State of Louisiana*, 525 So.2d 1136, 1141(La. App. 1st Cir. 1988).

When the operating cause of the injury is discontinuous, there is a multiplicity of causes of action and of corresponding prescriptive periods. Prescription is completed as to each injury, and the corresponding action is barred, upon the passage of one year from the day the owner acquired, or should have acquired, knowledge of the damage. See A.N. Yiannopoulos, Predial Servitudes, § 63 (1982). Failure to maintain a canal and its levees is not "conduct" of the type necessary to support a claim under the continuing tort theory. *St. Martin v. Quintana Petroleum Corp.*, Order and Reasons, Civ. Action No. 98-2095, April 19, 1999(Berrigan,J.). As stated earlier, the plaintiff acquired or should have acquired knowledge of the damage in or before 1985.

Suit was not filed in the present action until 1999 which is at least 14 years after the erosion became noticeable by the plaintiff.

Plaintiff cites the case of *St. Martin v. Mobil*, 1998 WL 474211 at *4, *affirmed by*, 224 F.3d 402 (5th Cir. 2000), for the proposition that the inclusion of the term "maintain" within the right of way agreement created a continuing duty to maintain both the canal and the spoil banks/levees necessary to contain them. In *St. Martin*, the court was faced with interpreting a servitude agreement that provided in pertinent part:

> Grantor does hereby convey to Grantee, its successors and assigns, the right and servitude to dredge, construct and maintain and use a canal . . .
>
> \*\*\*
>
> *The rights hereby granted shall exist until the expiration of whichever of the above identified leases lasts expires* . . . (Emphasis added.)

On the basis of this language, the Court found that the agreement unquestionably provides that the Grantee and its successors have a continuing obligation to maintain the canals. *St. Martin* is inapplicable here. The *St. Martin* court specifically stated that the terms of the contract itself provided for a continuing right of enforcement of the continuing duty to maintain or repair the canal. *St. Martin*, 224 F.3d at 409 n.9. The court's holding, therefore, was based on continuing obligations under the contract.

6

The instant case is distinguishable from *St. Martin*. The fact that there were continuing obligations specifically listed in the *St. Martin* contract was a material part of that court's decision. There is no language regarding the continuing obligations of the defendants in either of the contracts at issue in the present case. Therefore, *St. Martin* is inapplicable. Thus, the plaintiff's claims in both contract and tort have prescribed. Accordingly,

**IT IS ORDERED** that the Columbia and Koch's Motions for Summary Judgment are **GRANTED**, but only as to prescription of the claims.

**IT IS FURTHER ORDERED** that the pending Motions in Limine and the Motion for Judgment on the Pleadings are **DENIED as MOOT**.

New Orleans, Louisiana, this ___9th___ day of January 2001.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

7



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TERREBONNE PARISH SCHOOL BOARD | CIVIL ACTION |
|---|---|
| | NO. 00-0310 |
| | c/w 00-0425 |
| | c/w 00-0426 |
| VERSUS | c/w 00-0428 |
| | c/w 00-0443 |
| | c/w 00-0444 |
| | c/w 00-0461 |
| | c/w 00-0462 |
| | c/w 00-0468 |
| MOBIL OIL CORPORATION, ET AL | SECTION: B(5) |

### TRANSFER ORDER

On April 26, 2000, the undersigned transferred the above listed consolidated actions to Section "F"(5) on the basis that they were related to C.A. 00-0201, for the same reasons these cases had originally been transferred to and consolidated by the Honorable District Judge Marcel Livaudais, Jr. prior to his recusal. The Honorable District Judge Martin L.C. Feldman has determined that these cases are not related and has rejected the transfer. Accordingly, considering L.R. 3.1.1E, the reason cited



APR 28 2000
TRANSFERRED TO

DATE OF ENTRY
APR 28 2000

Process
X Dktd
CtRmDep
Doc.No. 31

EXHIBIT
2

by Judge Feldman, and having determined that the captioned cases are not related,

**IT IS ORDERED** that the above captioned Civil Action Nos. 00-0310 c/w 00-0425 c/w 00-0426 c/w 00-0428 c/w 00-0443 c/w 00-0444 c/w 00-0461 c/w 00-0462 c/w 00-0468, are **DECONSOLIDATED** and severed from each other.

**IT IS FURTHER ORDERED** that the original transfer orders are **REJECTED** and the Clerk of Court is directed to return the cases to the appropriate original sections of Court for further consideration:

|  |  |  |
|---|---|---|
| 00-0425 | to | "R"(2) |
| 00-0426 | to | "T"(2) |
| 00-0428 | to | "K"(5) |
| 00-0443 | to | "T"(2) |
| 00-0444 | to | "R"(2) |
| 00-0461 | to | "R"(2) |
| 00-0462 | to | "R"(4) |
| 00-0468 | to | "R"(1) |

The undersigned will retain C.A. 00-310"B"(5) pursuant to Judge Livaudais's recusal order.

New Orleans, Louisiana, this 28th day of April, 2000.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

2