

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP 14  AM 5: 03

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH** | § | |
| **SCHOOL BOARD** | § | |
| | § | **CIVIL ACTION NO. 00-310** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **SECTION "B"** |
| | § | |
| | § | |
| **MOBIL OIL CORPORATION** | § | **MAGISTRATE 5** |
| | § | |
| **Defendant** | § | |

## OPPOSITION TO PLAINTIFF'S MOTION
## TO STRIKE MOTION FOR SUMMARY JUDGMENT

This opposition is submitted by defendant Mobil Oil Corporation ("Mobil") in response to

plaintiff Terrebonne Parish School Board's motion to strike Mobil's motion for summary judgment.

## INTRODUCTION

According to plaintiff, Mobil's motion for summary judgment filed on September 5, 2001

should be struck because it received fourteen days' notice of the motion, i.e., one day less than the

fifteen days notice provided for in LR 7.2E. Plaintiff contends that this situation was due to Mobil's

miscalculation of the motion cutoff date. In fact, as set forth below, plaintiff's motion should be

denied because plaintiff's delay in providing copies of requested documents and plaintiff's delay in




making its corporate representative available for deposition for medical reasons, not a miscalculation, resulted in the filing of the motion on September 5. If plaintiff truly is concerned about having 15 days notice, the appropriate remedy is to allow the motion to be heard on an expedited basis on or before the September 21 motion deadline or, alternatively, to extend the motion hearing deadline.[1]

## BACKGROUND

On September 5, 2001, Mobil filed its motion for summary judgment. The motion seeks dismissal of all of plaintiff's claims, based largely upon prescription law which this Court previously applied in dismissing another lawsuit brought by the Terrebonne Parish School Board seeking essentially the same type of relief sought in this case. [See Order and Reasons dated 1/11/01, *Terrebonne Parish School Board v. Columbia Gulf Transmission Company, et al*, Civil Action No. 00-319 (Lemelle J.) (Copy attached at Ex. 2)]. A copy was sent to plaintiff on September 5 and received by counsel on September 6. The motion was noticed for September 19 but the clerk has advised that it was reset for October 3 because the motion docket closed for that hearing date on September 5.

The motion was filed within days after the plaintiff finally provided the discovery that was a prerequisite for the motion. Mobil previously had attempted to take the deposition of the plaintiff's corporate representative. According to plaintiff's counsel, Herbert Carreker was the School Board employee who was responsible for the land and related matters at issue in this lawsuit. Mr. Carreker had a heart attack which made him unavailable for deposition for an extended period. In early

---

[1]     Mobil has filed a motion for expedited hearing to set the summary judgment motion on or before September 21, 2001 (copy attached as Ex. 1).

August 2001, Mobil counsel learned that Mr. Carreker was recovering and had possibly returned to work. As a result, on August 9, 2001, counsel sent a letter to plaintiff's counsel requesting that Mr. Carreker be made available on August 15 or August 16 as the School Board's representative or, alternatively, for counsel to provide alternative dates. [See copy of letter to J. Jevic from R. McNeal dated 8/9/2001 (Ex. 3)]. On August 14, 2001, a paralegal from plaintiff's counsel's office sent a letter advising that Mr. Carreker would not be available for deposition until September 4, 5, 6 or 7 because of the limitations placed upon him by his surgery and the commencement of school. [See letter from B. Lecompte to R. McNeal dated 8/14/01 (Ex. 4)]. As a result, the Rule 30(b)(6) deposition of plaintiff was noticed for September 4, 2001 at 10:00 a.m. and Mr. Carreker testified as plaintiff's only representative. On the day after the deposition, Mobil filed its summary judgment motion.

In conjunction with the anticipated deposition, Mobil requested documents from plaintiff related to their activities affecting the land at issue. Plaintiff made those records available for inspection, including extensive minutes of School Board meetings beginning in the early 20th century and they were reviewed and tagged for copying by Mobil counsel . Plaintiff required that any copies of those records be made through its personnel. As time passed, Mobil requested the copies, particularly as the deposition date approached. [See e-mail correspondence attached as Ex. 5]. Finally, the plaintiff sent most of the copies to the office of its counsel in Houma, Louisiana and made them available for Mobil on Friday, August 31.   On that same day, Mobil picked up the documents from plaintiff's counsel's office.[2]   It should be noted that Monday, September 3, was

---

[2]      Plaintiff provided additional copies of its records tagged by Mobil on September 14, 2001.

Labor Day so that the deposition occurred on the first business day after the documents were made available.

Under the circumstances, Mobil submits that plaintiff's motion to strike should be denied. Instead, as set forth in Mobil's motion for expedited hearing on its summary judgment motion filed herewith, this Court should set an expedited hearing date on Mobil's motion on or before September 21, 2001 or extend the motion deadline to allow an October 3 hearing on several grounds. First, allowing the motion to be heard will not cause prejudice; in fact, the plaintiff acknowledges that it has had the motion in its possession since at least September 6, 2001. Second, plaintiff was unable to make its representative available for a deposition before September 4, 2001 and was not able to make copies of its records available to Mobil until August 31, 2001. Some of these records are submitted as evidence in support of the motion and establish that the School Board had sufficient knowledge of erosion in Section 16 lands to commence the running of prescription. Third, this is a legitimate dispositive motion; this Court has already applied the applicable law governing prescription in dismissing another the *Columbia Gulf* brought by the Terrebonne Parish School Board which seeks essentially the same relief requested against Mobil in this case.

## CONCLUSION

Plaintiff's motion to strike should be denied. Mobil's motion for summary judgment should be set for an expedited hearing on or before September 21, 2001 or, alternatively, the motion hearing deadline should be extended so that the motion is heard on October 3, 2001 or other appropriate date.

C:\Docs\TPSB\msj\tpsbopp2mtn2strike.wpd       4



Respectfully submitted,

**FRILOT, PARTRIDGE, KOHNKE
& CLEMENTS, INC.**


**ROBERT B. McNEAL (Bar No. 14211)**
**MILES P. CLEMENTS (Bar No. 4184)**
**SHERI S. FAUST (Bar No. 26283)**
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3600
Telephone: (504) 599-8014
Facsimile : (504) 599-8114

**Counsel for defendant Mobil Oil Corporation**


### CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel of

record fo all parties by facsimile transmission, hand delivery, by delivery service, delivery charges

prepaid and properly addressed, or by U.S. Mail, postage prepaid and properly addressed, this _14_

day of _September_ , 2001.


C:\Docs\TPSB\msj\tpsbopp2mtn2strike.wpd          5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | § § § § | CIVIL ACTION NO. 00-310 |
| Plaintiff | § | |
| v. | § § | SECTION "B" |
| | § | |
| MOBIL OIL CORPORATION | § | MAGISTRATE 5 |
| | § | |
| Defendant | § | |

## DEFENDANT'S MOTION FOR EXPEDITED HEARING ON MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

NOW INTO COURT, through undersigned counsel, comes defendant Mobil Oil Corporation ("Mobil") who moves for an expedited hearing on its motion for summary judgment in the above-referenced proceeding upon representing as follows:

1.  Mobil filed a motion for summary judgment on September 5, 2001. At close of business on the preceding day, the Court had September 19 available as a hearing date. However, that date became unavailable on September 5 and Mobil has been advised that the motion is presently set for October 4, 2001.

2.  The scheduling order for this case set a motion cutoff of September 21, 2001.

3.  Mobil filed its motion for summary judgment on September 5, 2001 because it

C:\Docs\TPSB\msj\tpsbexped-hrg.mtn.wpd



**EXHIBIT**

**1**

received copies of records used in the motion from plaintiff on August 31, and plaintiff's corporate representative, Herbert Carreker, had a prolonged illness and was unavailable for deposition prior to September 4, 2001. On the day after taking the deposition , Mobil Oil Corporation filed its motion for summary judgment. Mobil sent a copy of the motion for summary judgment to plaintiff's counsel September 5 and it was received on September 6.

4.    Plaintiff filed a motion to strike Mobil's motion due to insufficient notice of the motion, based on the September 19 hearing date. Mobil anticipates plaintiff will assert that the motion is also untimely because it was set for hearing after September 21. Setting the motion on either date would insure that fifteen days' notice was given since plaintiff received the motion on September 6. As set forth in Mobil's opposition to plaintiff's motion to strike that motion, Mobil desires to have its motion set for hearing on or before September 21 or, alternatively, on October 3 as presently scheduled. A copy of Mobil's opposition to plaintiff's motion to strike is attached hereto as Exhibit A and incorporated by reference.

Upon consideration of the foregoing, Mobil moves for an order either (1) setting its motion for summary judgment for expedited hearing on September 19, 2001 or (2) allowing the motion for summary judgment to be heard on October 3, 2001 or at such other time as may be ordered by the Court.

Respectfully submitted,

**FRILOT, PARTRIDGE, KOHNKE**
**& CLEMENTS, INC.**


**ROBERT B. McNEAL (Bar No. 14211)**
**MILES P. CLEMENTS (Bar No. 4184)**
**SHERI S. FAUST (Bar No. 26283)**
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3600
Telephone: (504) 599-8014
Facsimile : (504) 599-8114

**Counsel for defendant Mobil Oil Corporation**


## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel of record fo all parties by facsimile transmission, hand delivery, by delivery service, delivery charges prepaid and properly addressed, or by U.S. Mail, postage prepaid and properly addressed, this _14_ day of _September_, 2001.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. 00CVO310 |
| v. | § § | SECTION "B" |
| MOBIL OIL CORPORATION | § § § § | MAGISTRATE 5 |
| Defendant | § | |

## O R D E R

Considering the foregoing Motion for Expedited Hearing,

IT IS HEREBY ORDERED that an expedited hearing of defendant Mobil Oil Corporation's

motion for summary judgment will take place at _____ o'clock __.m. on the _____ day of __

_____, 2001.

New Orleans, Louisiana, this ____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE

C:DOCS\TPSB\SJ-MTN\order-exped.hrg



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 11 PM 1:19

LORETTA G. WHYTE
CLERK

**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TERREBONNE PARISH**                        **CIVIL ACTION**
**SCHOOL BOARD**

**VERSUS**                                   **NO.  00-319**


**COLUMBIA GULF TRANSMISSION**               **SECTION "B"(5)**
**COMPANY AND KOCH GATEWAY**
**PIPELINE COMPANY**

## ORDER AND REASONS

Before the Court is the Defendants' Columbia Gulf Transmission

Company and Koch Gateway Pipeline Company's Motion for Summary

Judgment (Rec. Doc. No. 65, 74) and Columbia's Motion for Judgment

on the Pleadings and Alternatively Partial Motion for Summary

Judgment (Rec. Doc. No. 75).  In addition, Plaintiff Terrebonne

Parish School Board's ("School Board") Motion in Limine to Exclude

Evidence of Rents and Royalties (Rec. Doc. No. 71), Motion in

Limine to Exclude Testimony of Columbia Gulf's Experts Wade R.

Ragas and Joseph N. Suhadaya (Rec. Doc. No. 69), Motion in Limine

to Exclude Testimony of Koch Gateway Pipeline Company's Experts



DATE OF ENTRY

JAN 1 1 2001

___Fee_____
___Process_____
X_ Dktd_____
___CtRmDep.___
___Doc.No._____

**EXHIBIT**

**2**

(Rec. Doc. No. 92),Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East (Rec. Doc. No. 67), Columbia's Motion in Limine to Exclude Valuation Testimony of Plaintiff's Expert Dr. Shea Penland (Rec. Doc. No. 76) and Koch's Motion in Limine to Strike or Limit the Testimony of Plaintiff's Purported Experts Robert Chabreck, Alex Mc Corquodale, Charles Camp and Shea Penland (Rec. Doc. No. 88).  In addition, the School Board has also filed a Motion in Limine to Exclude the Testimony of Malcolm Poiencot and Columbia has filed a Motion in Limine to Exclude Evidence of Dealings Between the Parties Prior to the Execution of the Right of Way Agreement.

The dispositive issues before the Court concern the defendants' duty under contract and/or tort law to maintain the canal at issue and if so, whether the plaintiff's claims have prescribed. The Court finds that genuine issues of material fact preclude dismissal of the case on the basis of the defendants' duty.  The Court also finds, however, that defendants' contractual and delictual obligations, if any, to maintain the canal have prescribed.

Under Louisiana law, delictual actions are subject to the liberative prescription of one year, which commences from the day

2



the injury occurred. Louisiana Civil Code Article 3492. In addition, actions in contract are barred by a liberative prescription of ten years. Louisiana Civil Code article 3499. Under Louisiana law, this prescriptive period commences from the date fo the breach of the obligation. *Loewer v. Texas Gas Transmission Co.*, 615 F.Supp 1 (D.C. La. 1984).

The plaintiffs allege that the defendants breached their duty to maintain the canal and that failure caused erosion of the plaintiff's property. The plaintiff alleges causes of action in both tort and contract law.

The evidence shows that the plaintiff was aware of the erosion of Section 16 in or before 1985. In 1981, school-board member Francis Voisin is quoted in the *Houma Daily Courier* concerning the dredging of canals saying, "it would make an already bad erosion problem worse." <u>Defendant's Motion for Summary Judgment, Exhibit 5, Houma Daily Courier, May 8, 1981.</u> In addition, various school board minutes dated in the 1980's evidence the school board's knowledge of Section 16 land erosion. The plaintiff argues that they cannot be held to have constructive or actual knowledge of any erosion problems caused by the act/omissions of the defendants on §16/T18/R13 because of the difficulties in making a causative link

3



without conducting extensive expert evaluation into the specific causes. As previously stated, the plaintiffs were put on notice of the defendants' alleged breach of contractual or delictual duty (the failure to maintain the canal) since the inception of the contract due to the fact that the parties agree that the defendants never maintained the canal. In addition, the plaintiff's knowledge of the erosion or the damage caused by this alleged breach of duty dates back to the 1980's. The plaintiff's failure to hire an expert or investigate the erosion at the time it became aware of the damage does not prevent prescription from commencing.

The plaintiff's argument that the defendants have a continuing obligation to maintain the canals also fails. If tortious conduct and the resulting damages are of a continuing nature, "prescription does not begin until the conduct causing the damage is abated." *South Central Bell Telephone Co., v. Texaco, Inc.,* 418 SO.2d 531, 533 (La. 1982). According to the School Board, the "damage alleged is . . . due to defendants' continuing conduct in their failure to maintain the canal banks'." <u>Plaintiff's Memorandum in Opposition to Koch's Motion for Summary Judgment</u>.

Louisiana decisions draw a distinction between damages caused by continuous, and those caused by discontinuous, operating causes. When the operating cause of the injury is continuous, giving rise

4

to successive damages, prescription begins to run from the day the damage was completed and the owner acquired, or should have acquired, knowledge of the damage. *See South Central Bell Telephone Co. v. Texaco*, 418 So.2d 531 (La.1982); *Mouton v. State of Louisiana*, 525 So.2d 1136, 1141(La. App. 1st Cir. 1988).

When the operating cause of the injury is discontinuous, there is a multiplicity of causes of action and of corresponding prescriptive periods. Prescription is completed as to each injury, and the corresponding action is barred, upon the passage of one year from the day the owner acquired, or should have acquired, knowledge of the damage. See A.N. Yiannopoulos, Predial Servitudes, § 63 (1982). Failure to maintain a canal and its levees is not "conduct" of the type necessary to support a claim under the continuing tort theory. *St. Martin v. Quintana Petroleum Corp.*, Order and Reasons, Civ. Action No. 98-2095, April 19, 1999(Berrigan,J.). As stated earlier, the plaintiff acquired or should have acquired knowledge of the damage in or before 1985.

Suit was not filed in the present action until 1999 which is at least 14 years after the erosion became noticeable by the plaintiff.

5

Plaintiff cites the case of *St. Martin v. Mobil*, 1998 WL
474211 at *4, *affirmed by*, 224 F.3d 402 (5ᵗʰ Cir. 2000), for the
proposition that the inclusion of the term "maintain" within the
right of way agreement created a continuing duty to maintain both
the canal and the spoil banks/levees necessary to contain them.  In
*St. Martin*, the court was faced with interpreting a servitude
agreement that provided in pertinent part:

> Grantor does hereby convey to Grantee, its successors and assigns,
> the right and servitude to dredge, construct and maintain and use
> a canal . . .
>
> * * *
>
> *The rights hereby granted shall exist until the expiration of
> whichever of the above identified leases lasts expires* . . .
> (Emphasis added.)

On the basis of this language, the Court found that the
agreement unquestionably provides that the Grantee and its
successors have a continuing obligation to maintain the canals. *St.
Martin* is inapplicable here. The *St. Martin* court specifically
stated that the terms of the contract itself provided for a
continuing right of enforcement of the continuing duty to maintain
or repair the canal.  *St. Martin*, 224 F.3d at  409 n.9.   The
court's holding, therefore, was based on continuing obligations
under the contract.

6

The instant case is distinguishable from *St. Martin*. The fact that there were continuing obligations specifically listed in the *St. Martin* contract was a material part of that court's decision. There is no language regarding the continuing obligations of the defendants in either of the contracts at issue in the present case. Therefore, *St. Martin* is inapplicable. Thus, the plaintiff's claims in both contract and tort have prescribed. Accordingly,

**IT IS ORDERED** that the Columbia and Koch's Motions for Summary Judgment are **GRANTED**, but only as to prescription of the claims.

**IT IS FURTHER ORDERED** that the pending Motions in Limine and the Motion for Judgment on the Pleadings are **DENIED as MOOT**.

New Orleans, Louisiana, this _____ 9 ᵗˢ _____ day of January 2001.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

7

# FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, L.C.

ATTORNEYS AT LAW

3600 ENERGY CENTRE

1100 POYDRAS STREET

NEW ORLEANS, LOUISIANA 70163-3600

TELEPHONE (504) 599-8000

FACSIMILE (504) 599-8100

E-Mail Address: RMCNEAL@FPKC.COM

WRITER'S DIRECT
DIAL NUMBER

(504) 599-8014

WRITER'S DIRECT
DIAL FAX NUMBER

(504) 599-8114

August 9, 2001

**VIA TELECOPIER TO:**
**(504) 851-2219**

Joseph G. Jevic, III, Esq.
St. Martin & Williams (APLC)
4084 Highway 311
Houma, Louisiana 70361

Re:    *Terrebonne Parish School Board v. Mobil Oil Corporation*
       United States District Court, Eastern District of Louisiana
       Civil Action No. 00-0310, Section "B" (5)
       Our File No. 14-000072
       Your File No. S0018-26

Dear Joe:

I understand that Mr. Carreker may have returned to work. If this is the case, I would like to take the deposition of the School Board on the morning of August 15 or the afternoon of August 16. If these days are unavailable, would you please provide me with available dates?

Also, I would ask that you provide me with available dates for the depositions of Charles Camp and Mr. Chabrek, as well. If you would like to set aside dates to depose our experts, please let me know.

Sincerely yours,

*Robert B. McNeal*

ROBERT B. McNEAL

RBMcN/kbj
cc:    Wade Visconte, Esq.
       Miles P. Clements, Esq.

C:\DOCS\TPSB\JEVIC..LTR002

EXHIBIT
*3*

# ST. MARTIN & WILLIAMS
### A PROFESSIONAL LAW CORPORATION
CRESCENT FARM
4084 HWY. 311
POST OFFICE BOX 2017
HOUMA, LOUISIANA 70361-2017

MICHAEL X. ST. MARTIN
CONRAD S. P. WILLIAMS, III
CHARLES C. BOURQUE, JR.
JOSEPH G. JEVIC III
CHRISTOPHER J. ST. MARTIN
STEVEN F. ST. MARTIN
TIMOTHY C. ELLENDER, JR.

TELEPHONE
(985) 876-3891
U. S. WATTS
1-800-256-1533
TELECOPIER
(985) 851-2219

August 14, 2001

**_VIA FAX ONLY_**
**_FAX NO. (504) 599-8100_**

Robert McNeal
Frilot, Patridge, et al
3600 Energy Centre, 1100 Poydras St.
New Orleans, LA  70163-3600

Re:    **Terrebonne Parish School Board v. Mobil**
       **USDC 00-310 "B"  (T18S-R12E)**

Dear Mr. McNeal:

I received a telephone call this morning from Herb Carreker.  He called to advise that because Terrebonne Parish Schools are starting on Friday, August 17th, 2001 and the limitations placed on him by his recent surgery, he will not be available for a deposition until September 4th, 5th, 6th or 7th only in the afternoons.   It will also be necessary to take Mr. Carreker's deposition in our offices.

Should you have any questions or if none of these dates are convenient for you, please do not hesitate to contact me.

With best regards, I remain

Very truly yours,

_Beryl LeCompte_

Beryl A. LeCompte
Paralegal to Joseph G. Jevic, III

/bal

EXHIBIT
**4**



**Robert B McNeal**
08/29/2001 08:22 AM

To:    Joseph Jevic <jjevic@crescent-farm.com>
cc:    Sheri S Faust/fpkc@fpkcmail (bcc: Karen B Jorgensen/fpkc)

Subject: Re: FW: TPSB v. Mobil (18/12)

Joe, I'll try to set them together. What time do you want to start?

 On another issue, we still have not been able to get copies of the School Board documents and my associate was advised that the start of school was causing a delay. I need to have them before I depose Mr. Carreker next week.  Are you able to tell me when copies will be available?
Rob
Joseph Jevic <jjevic@crescent-farm.com> on 08/27/2001 08:24:51 AM

    **Joseph Jevic <jjevic@crescent-farm.com> on 08/27/2001 08:24:51 AM**

To:    "'RMcNeal@fpkc.com'" <RMcNeal@fpkc.com>
cc:

Subject:  FW: TPSB v. Mobil (18/12)

```
I received a server error that this did not get to you Friday so I am
resending

-----Original Message-----
From: Joseph Jevic
Sent: Friday, August 24, 2001 9:21 AM
To: 'RMcNeal@fpkc.com'
Subject: RE: TPSB v. Mobil (18/12)


I see no problem with that.  These two depos won't take that long.

-----Original Message-----
From: RMcNeal@fpkc.com [mailto:RMcNeal@fpkc.com]
Sent: Friday, August 24, 2001 9:24 AM
To: Joseph Jevic
Subject: RE: TPSB v. Mobil (18/12)



Thanks for the information.  Would you like me to try to
schedule T Baker
Smith on the same day as Coleman?




Joseph Jevic <jjevic@crescent-farm.com> on 08/24/2001 08:21:57 AM
```



**EXHIBIT**

**5**