FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP 14 AM 5:03

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH** § | | |
| **SCHOOL BOARD** § | | |
| § | **CIVIL ACTION NO. 00-310** | |
| Plaintiff § | | |
| § | | |
| v. § | **SECTION "B"** | |
| § | | |
| § | | |
| **MOBIL OIL CORPORATION** § | **MAGISTRATE 5** | |
| § | | |
| Defendant § | | |

### DEFENDANT'S MOTION FOR EXPEDITED HEARING ON
### MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

NOW INTO COURT, through undersigned counsel, comes defendant Mobil Oil Corporation ("Mobil") who moves for an expedited hearing on its motion for summary judgment in the above-referenced proceeding upon representing as follows:

1. Mobil filed a motion for summary judgment on September 5, 2001. At close of business on the preceding day, the Court had September 19 available as a hearing date. However, that date became unavailable on September 5 and Mobil has been advised that the motion is presently set for October 4, 2001.

2. The scheduling order for this case set a motion cutoff of September 21, 2001.

3. Mobil filed its motion for summary judgment on September 5, 2001 because it

C:\Docs\TPSB\msj\tpsbexped-hrg.mtn.wpd

DATE OF ENTRY
SEP 18 2001



received copies of records used in the motion from plaintiff on August 31, and plaintiff's corporate representative, Herbert Carreker, had a prolonged illness and was unavailable for deposition prior to September 4, 2001. On the day after taking the deposition, Mobil Oil Corporation filed its motion for summary judgment. Mobil sent a copy of the motion for summary judgment to plaintiff's counsel September 5 and it was received on September 6.

4. Plaintiff filed a motion to strike Mobil's motion due to insufficient notice of the motion, based on the September 19 hearing date. Mobil anticipates plaintiff will assert that the motion is also untimely because it was set for hearing after September 21. Setting the motion on either date would insure that fifteen days' notice was given since plaintiff received the motion on September 6. As set forth in Mobil's opposition to plaintiff's motion to strike that motion, Mobil desires to have its motion set for hearing on or before September 21 or, alternatively, on October 3 as presently scheduled. A copy of Mobil's opposition to plaintiff's motion to strike is attached hereto as Exhibit A and incorporated by reference.

Upon consideration of the foregoing, Mobil moves for an order either (1) setting its motion for summary judgment for expedited hearing on September 19, 2001 or (2) allowing the motion for summary judgment to be heard on October 3, 2001 or at such other time as may be ordered by the Court.

Respectfully submitted,

**FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, INC.**

*/s/ signature/*

**ROBERT B. McNEAL (Bar No. 14211)**
**MILES P. CLEMENTS (Bar No. 4184)**
**SHERI S. FAUST (Bar No. 26283)**
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3600
Telephone: (504) 599-8014
Facsimile : (504) 599-8114

**Counsel for defendant Mobil Oil Corporation**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel of record fo all parties by facsimile transmission, hand delivery, by delivery service, delivery charges prepaid and properly addressed, or by U.S. Mail, postage prepaid and properly addressed, this 14 day of September, 2001.

*/s/ signature/*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | § § § | |
| | § | CIVIL ACTION NO. 00CV0310 |
| Plaintiff | § § | |
| v. | § § | SECTION "B" |
| | § § | |
| MOBIL OIL CORPORATION | § § | MAGISTRATE 5 |
| Defendant | § § | |

### ORDER

Considering the foregoing Motion for Expedited Hearing,

IT IS HEREBY ORDERED that an expedited hearing of defendant Mobil Oil Corporation's motion for summary judgment will take place at ___9___ o'clock a.m. on the ___26th___ day of ___September___, 2001.

New Orleans, Louisiana, this ___17th___ day of ___September___, 2001.

_____
UNITED STATES DISTRICT JUDGE

C:DOCS\TPSB\SJ-MTN\order-exped.hrg

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH<br>SCHOOL BOARD<br><br>  Plaintiff<br><br>v.<br><br>MOBIL OIL CORPORATION<br><br>  Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 00-310<br><br><br><br>SECTION "B"<br><br><br>MAGISTRATE 5 |

**OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE MOTION FOR SUMMARY JUDGMENT**

  This opposition is submitted by defendant Mobil Oil Corporation ("Mobil") in response to plaintiff Terrebonne Parish School Board's motion to strike Mobil's motion for summary judgment.

**INTRODUCTION**

  According to plaintiff, Mobil's motion for summary judgment filed on September 5, 2001 should be struck because it received fourteen days' notice of the motion, i.e., one day less than the fifteen days notice provided for in LR 7.2E. Plaintiff contends that this situation was due to Mobil's miscalculation of the motion cutoff date. In fact, as set forth below, plaintiff's motion should be denied because plaintiff's delay in providing copies of requested documents and plaintiff's delay in

C:\Docs\TPSB\msj\tpsbopp2mtn2strike.wpd

EXHIBIT A

making its corporate representative available for deposition for medical reasons, not a miscalculation, resulted in the filing of the motion on September 5. If plaintiff truly is concerned about having 15 days notice, the appropriate remedy is to allow the motion to be heard on an expedited basis on or before the September 21 motion deadline or, alternatively, to extend the motion hearing deadline.[1]

## BACKGROUND

On September 5, 2001, Mobil filed its motion for summary judgment. The motion seeks dismissal of all of plaintiff's claims, based largely upon prescription law which this Court previously applied in dismissing another lawsuit brought by the Terrebonne Parish School Board seeking essentially the same type of relief sought in this case. [See Order and Reasons dated 1/11/01, *Terrebonne Parish School Board v. Columbia Gulf Transmission Company, et al*, Civil Action No. 00-319 (Lemelle J.) (Copy attached at Ex. 2)]. A copy was sent to plaintiff on September 5 and received by counsel on September 6. The motion was noticed for September 19 but the clerk has advised that it was reset for October 3 because the motion docket closed for that hearing date on September 5.

The motion was filed within days after the plaintiff finally provided the discovery that was a prerequisite for the motion. Mobil previously had attempted to take the deposition of the plaintiff's corporate representative. According to plaintiff's counsel, Herbert Carreker was the School Board employee who was responsible for the land and related matters at issue in this lawsuit. Mr. Carreker had a heart attack which made him unavailable for deposition for an extended period. In early

---

[1] Mobil has filed a motion for expedited hearing to set the summary judgment motion on or before September 21, 2001 (copy attached as Ex. 1).

C:\Docs\TPSB\msj\tpsbopp2mtn2strike.wpd    2

August 2001, Mobil counsel learned that Mr. Carreker was recovering and had possibly returned to work. As a result, on August 9, 2001, counsel sent a letter to plaintiff's counsel requesting that Mr. Carreker be made available on August 15 or August 16 as the School Board's representative or, alternatively, for counsel to provide alternative dates. [See copy of letter to J. Jevic from R. McNeal dated 8/9/2001 (Ex. 3)]. On August 14, 2001, a paralegal from plaintiff's counsel's office sent a letter advising that Mr. Carreker would not be available for deposition until September 4, 5, 6 or 7 because of the limitations placed upon him by his surgery and the commencement of school. [See letter from B. Lecompte to R. McNeal dated 8/14/01 (Ex. 4)]. As a result, the Rule 30(b)(6) deposition of plaintiff was noticed for September 4, 2001 at 10:00 a.m. and Mr. Carreker testified as plaintiff's only representative. On the day after the deposition, Mobil filed its summary judgment motion.

In conjunction with the anticipated deposition, Mobil requested documents from plaintiff related to their activities affecting the land at issue. Plaintiff made those records available for inspection, including extensive minutes of School Board meetings beginning in the early 20th century and they were reviewed and tagged for copying by Mobil counsel. Plaintiff required that any copies of those records be made through its personnel. As time passed, Mobil requested the copies, particularly as the deposition date approached. [See e-mail correspondence attached as Ex. 5]. Finally, the plaintiff sent most of the copies to the office of its counsel in Houma, Louisiana and made them available for Mobil on Friday, August 31. On that same day, Mobil picked up the documents from plaintiff's counsel's office.[2] It should be noted that Monday, September 3, was

---

[2] Plaintiff provided additional copies of its records tagged by Mobil on September 14, 2001.

C:\Docs\TPSB\msj\tpsbopp2mtn2strike.wpd        3

Labor Day so that the deposition occurred on the first business day after the documents were made available.

Under the circumstances, Mobil submits that plaintiff's motion to strike should be denied. Instead, as set forth in Mobil's motion for expedited hearing on its summary judgment motion filed herewith, this Court should set an expedited hearing date on Mobil's motion on or before September 21, 2001 or extend the motion deadline to allow an October 3 hearing on several grounds. First, allowing the motion to be heard will not cause prejudice; in fact, the plaintiff acknowledges that it has had the motion in its possession since at least September 6, 2001. Second, plaintiff was unable to make its representative available for a deposition before September 4, 2001 and was not able to make copies of its records available to Mobil until August 31, 2001. Some of these records are submitted as evidence in support of the motion and establish that the School Board had sufficient knowledge of erosion in Section 16 lands to commence the running of prescription. Third, this is a legitimate dispositive motion; this Court has already applied the applicable law governing prescription in dismissing another the *Columbia Gulf* brought by the Terrebonne Parish School Board which seeks essentially the same relief requested against Mobil in this case.

## CONCLUSION

Plaintiff's motion to strike should be denied. Mobil's motion for summary judgment should be set for an expedited hearing on or before September 21, 2001 or, alternatively, the motion hearing deadline should be extended so that the motion is heard on October 3, 2001 or other appropriate date.

Respectfully submitted,

**FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, INC.**

_____
ROBERT B. McNEAL (Bar No. 14211)
MILES P. CLEMENTS (Bar No. 4184)
SHERI S. FAUST (Bar No. 26283)
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3600
Telephone: (504) 599-8014
Facsimile : (504) 599-8114

**Counsel for defendant Mobil Oil Corporation**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel of record fo all parties by facsimile transmission, hand delivery, by delivery service, delivery charges prepaid and properly addressed, or by U.S. Mail, postage prepaid and properly addressed, this _14_ day of _September_, 2001.

_____