

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP 28  P 3: 24

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERREBONNE PARISH                                CIVIL ACTION
SCHOOL BOARD

VERSUS                                           NO. 00-310

MOBIL OIL CORPORATION                            SECTION "B"(5)

ORDER AND REASONS

Before the Court is Defendant Mobil Oil Corporation's Motion for Summary Judgment (Rec. Doc. No. 74). The defendant asserts that the plaintiff's claims have prescribed. For the following reasons, the motion is **GRANTED**.

DISCUSSION

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a



DATE OF ENTRY
SEP 2 8 2001

Fee_____
Process___
X/Dktd____
__CtRmDep_
Doc.No._87

reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

Under Louisiana law, delictual actions are subject to the liberative prescription of one year, which commences from the day the injury occurred. La. Civ. Code art. 3492. Actions in contract are barred by a ten year liberative prescriptive period. La. Civ. Code art. 3499. The prescription period begins to run when the person has sufficient knowledge to provoke an inquiry as to the extent of damage. *Orleans Parish School Bd. v. U.S. Gypsum Co.,* 892 F. Supp. 794, 801 (E.D. La. 1995).

In this case, the School Board's tort and contract claims are prescribed. The School Board has known and been actively concerned about erosion of Section 16 marshlands such as the

property at issue since the early to mid 1980s. It commissioned an erosion study in 1982 which reported that oilfield canals could contribute to marsh erosion. Further, the Board received ongoing reports and information about erosion in Section 16. In 1984, an environmental consulting firm, Coastal Environments, Inc., prepared a report for the School Board regarding Section 16 lands. The Court finds that because the School Board had actual or constructive knowledge of the marsh deterioration for at least 14 years, its tort and contract claims are prescribed.[1]

The Court rejects the School Board's arguments that this is a continuing tort that extends the prescriptive period. When tortious conduct and resulting damages continue over a period of time, prescription does not begin or run until the conduct causing the damages has abated. *South Central Bell Telephone Co. v. Texaco Inc.*, 418 So.2d 531 (La. 1982). Under applicable law, the continuing tort doctrine is inapplicable when the operating cause of the injury is discontinuous because there may be multiple causes of actions and corresponding prescriptive

---

[1] This finding is consistent with a prior rulings of this Court regarding the School Board's claims. *See Terrebonne Parish School Board v. Columbia Gulf Transmission Co.*, No. 00-0319 (Lemelle, J.)(finding prescription because the plaintiff acquired or should have acquired knowledge of the damage in or before 1985); *see also St. Martin v. Quintana Petroleum Corp.*, No. 98-2095, 1999 WL 232635 (E.D. La. 1999) (Boyle, J.)(finding prescription because the plaintiffs had actual or constructive knowledge of the marsh deterioration for more than 20 years).

periods. *See Crump v. Sabine River Authority*, 737 So. 2d 720, 726 (La. 1999). When discontinuous conduct is involved, prescription is completed as to each injury upon the passage of one year from the day the owner acquired or should have acquired knowledge of the damage. *Id.* (citing A.N. Yiannopoulas, Predial Servitudes § 63 (1983)). In the present case, the defendant ceased activity in the canal in 1959 and engaged in no conduct since that time which would give rise to liability for a continuing tort. This Court has held that failure to maintain a canal and its levees is not conduct of the type needed to support a claim under the continuing tort doctrine. *St. Martin v. Quintana Petroleum Corp.*, No. 98-2095, 1999 WL 232635 (E.D. La. 1999). Thus, the plaintiff's prescriptive period cannot be extended on this basis.

    Further, the Court rejects the plaintiff's attempt to find shelter from the prescriptive period in the provisions of the Louisiana Constitution, which prevents prescription from running against the state in a civil matter. La. Const. Art. 13 § 13. A state agency may not invoke the State of Louisiana's immunity from prescription. *State of Louisiana v. City of Pineville*, 403 So. 2d 49 (La. 1981) (explaining that "the 'State,' for purposes of the constitutional immunity from prescription, does not include a state agency which is a body corporate with the power to sue and be sued and which, when vested with a cause of action,

is the sole party capable of asserting it"); and *T.L. James and Co., Inc. v. Kenner Landing, Inc.*, 550 So. 2d 1378, 1385 (La. App. 5th Cir. 1989) (citing same); *see also United States ex rel. Garibaldi v. Orleans Parish School Bd.*, 244 F.3d 486 (5th Cir.(2001) (holding that it could not apply to the School Board the presumption that the term person did not include the sovereign because "[l]ocal governments do not enjoy the same sovereign status as states"); and *Minton v. St. Bernard Parish School Bd.*, 803 F.2d 129, 131-32 (5th Cir. 1989) (finding that the school board was not an arm of the State of Louisiana for Eleventh Amendment immunity purposes). Thus, the School Board has failed to present sufficient evidence to overcome the prescription challenges raised by the defendant. Accordingly,

**IT IS ORDERED** that Defendant Mobil Oil Corporation's Motion for Summary Judgment (Rec. Doc. No. 74) is **GRANTED**.

New Orleans, Louisiana, this 28th day of September, 2001.

---
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE